UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

AARON BROWNLEE,
(TDCJ No. 02253385),

        Plaintiff,

vs.                                              Civil No. 4:20-CV-1352-P

MANAGEMENT AND TRAINING
CORPORATION, et al.,

        Defendants.

## MEMORANDUM OPINION & ORDER

In this case, Texas Department of Criminal Justice ("TDCJ") inmate/plaintiff Aaron Brownlee ("Brownlee") asserts claims against the Management and Training Corporation ("MTC"), the operator of the TDCJ Lindsey State Jail, and Senior Warden Grady Wallace. By an Amended Order of Partial Dismissal under 28 U.S.C. §§ 1915A and 1915(e)(2)(B) and Rule 54(b) Judgment, the Court dismissed several claims, and allowed service of process of Brownlee's remaining claims against MTC and Wallace. ECF Nos. 21, 22. Now pending is a motion for summary judgment of defendants MTC and Wallace (ECF No. 66), along with extensive exhibits thereto (ECF No. 66-1, 66-2). Plaintiff Brownlee has not filed any response even though he has been afforded ample time. After considering the remaining relief sought by Brownlee, the record, briefing and applicable law, the Court concludes that the motion for summary judgment must be **GRANTED**, such that all Brownlee's remaining claims must be **DISMISSED** .

### BACKGROUND/PLAINTIFF'S PLEADINGS

Plaintiff Brownlee set forth his claims in this matter in three pleadings, including his original complaint, his first supplemental complaint, and his answers to the Court's questionnaire. Compl., ECF No. 1; Supplemental Compl., ECF No. 13; Answers to Court's Questionnaire, ECF No. 19. Brownlee asserted various causes of action against defendants TDCJ, MTC, and Wallace. Compl. 1, ECF No. 1. As noted, the Court previously dismissed Brownlee's claims against TDCJ, his claims for denial of access to courts, and any claims under 42 U.S.C. § 1983 based upon any alleged negligence. Am. Order of Partial Dismissal under 28 U.S.C. §§ 1915A(b) and

1915(e)(2)(B) 3-7, ECF No. 21. Brownlee's surviving claims against MTC and Wallace include that they failed to protect him from cruel and unusual conditions of confinement in violation of the Eight Amendment by: (i) transferring COVID 19-positive inmates from TDCJ's Middleton Unit in November 2020 to the John R. Lindsey State Jail and housing them in the general population without following the requisite 14-day quarantine period; (ii) failing to enforce social distancing among the inmates, thereby subjecting him to risks associated with Covid-19, which he contends he contracted as a result; and (iii) failing to maintain proper levels of staffing, thereby contributing to a lack of security for the inmate population. Compl. 4, 6-9, ECF No. 1.

## SUMMARY JUDGMENT EVIDENCE

In support of the motion for summary judgment, Defendants included the following:

> Plaintiff's Medical Records from UTMB, Exhibit A, 9-498, ECF No. 66-1.
> February 18, 2022 Affidavit of Warden Grady Wallace , Exhibit B, 1-3, ECF No. 66-2.

A.   <u>Facts in Medical Records and the Wallace Affidavit</u>

Brownlee is an inmate at the John R. Lindsey state jail where he currently resides. Compl. 1, ECF No. 1. Brownlee's medical records provided by Defendants show multiple negative Covid-19 tests. Medical Records, Exhibit A, ECF No. 66-1. In fact, there is not any evidence in the medical records that suggest Brownlee has ever contracted Covid-19. *Id*. Brownlee has not alleged that he has sustained any physical injury due to a lack of security personnel at the John R. Lindsey state jail. Compl., ECF No.1; Supplemental Compl., ECF No. 13; Answers to Court's Questionnaire 15, ECF No. 19. Further, Brownlee has not shown that he was ever injured during the relevant time frame as a result of inadequate security. Medical Records, Exhibit A, ECF No. 66-1. While Plaintiff suggests in his supplemental complaint (ECF No. 13) and answers to the Court's questionnaire (ECF No. 19) that he has suffered from headaches, stomach pains and indigestion, convulsions, nausea, and other forms of physical pain and suffering, his medical records do not support his contention that these alleged injuries were caused by Defendants allegedly (i) transferring COVID 19-positive inmates from TDCJ's Middleton Unit in November 2020 to the John R.

Lindsey State Jail and housing them in the general population without following the requisite 14-day quarantine period; (ii) failing to enforce social distancing among the inmates; and (iii) failing to maintain proper levels of staffing. Medical Records, Exhibit A, ECF No. 66-1.

Defendant Grady Wallace, the Warden of the Lindsey state jail since before the COVID-19 pandemic began, provided the following sworn affidavit:

> MTC operates the [Lindsey state jail] Facility pursuant to its contract with the TDCJ ("Texas Department of Criminal Justice"). I have been the Warden of the Facility since before the pandemic began. I am familiar with MTC and TDCJ's policies, procedures, and practices at the Facility.
>
> Inmate transfers into the Facility are controlled by the TDCJ. I nor MTC had control over the transfer of the inmate, D. White, who Plaintiff alleges tested positive for COVID-19 the day after his arrival at the Facility. When MTC and I became aware that D. White was tested at his last facility, prior to arriving at the Facility, and the results had returned a positive result, he was immediately placed in medical isolation for fourteen (14) days.
>
> D. White was transferred to the Facility on November 9, 2020, and housed in F1B dorm. At the same time, Plaintiff Brownlee was housed in F2D dorm, a separate building from the dorm D. White was housed. D. White and Plaintiff were not housed in the same dorm, nor the same building, during this time.
>
> The TDCJ controls the social distancing policies at the Facility, in accordance with CDC guidelines. The TDCJ's social distancing policies have been implemented and followed by MTC and myself at the Facility to the greatest extent possible during all relevant times.
>
> The TDCJ also controls staffing levels at the Facility. If the staffing levels cannot meet the number required by the TDCJ with regard to inmate capacity, TDCJ may reduce the inmate population accordingly. The Facility is operating at reduced inmate population pursuant to instructions from TDCJ.

Wallace February 18, 2022 Affidavit, Exhibit B, 1-3, ECF No. 66-2. Brownlee has not provided any summary judgment evidence in contest to the summary judgment motion.

## SUMMARY JUDGMENT STANDARD

When the record establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," summary judgment is appropriate. Fed. R. Civ. P. 56(a). "[A dispute] is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) (citation omitted). A fact is "material" if it "might affect the outcome of the suit under governing law."*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To demonstrate that a particular fact cannot be genuinely in dispute, a defendant movant must (a) cite to particular parts of materials in the record (e.g., affidavits, depositions, etc.), or (b) show either that (1) the plaintiff cannot produce admissible evidence to support that particular fact, or (2) if the plaintiff has cited any materials in response, show that those materials do not establish the presence of a genuine dispute as to that fact. Fed. R. Civ. P. 56(c)(1). Although the Court is required to consider only the cited materials, it may consider other materials in the record. *See* Fed. R. Civ. P. 56(c)(3). Nevertheless, Rule 56 "does not impose on the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. . . ." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992). Instead, parties should "identify specific evidence in the record, and . . . articulate the 'precise manner' in which that evidence support[s] their claim." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (citing *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) (other citation omitted)). In evaluating whether summary judgment is appropriate, the Court "views the evidence in the light most favorable to the nonmovant, drawing all reasonable inferences in the nonmovant's favor." *Sanders-Burns v. City of Plano*, 594 F.3d 366, 380 (5th Cir. 2010) (citation omitted) (internal quotation marks omitted). "After the non-movant [here, the FMC-Carswell plaintiffs] has been given the opportunity to raise a genuine factual [dispute], if no reasonable juror could find for the non-movant, summary judgment will be granted." *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

Nevertheless, a motion for summary judgment for failure to exhaust is treated slightly differently. *See, e.g. Dillon v. Rogers*, 596 F.3d 260, 272-73 (5th Cir. 2010). "Exhaustion resembles personal jurisdiction and venue in that it is an affirmative

4

defense that allows defendants to assert that plaintiffs have not invoked the proper forum for resolving a dispute." *Id.* at 272 (citing *Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir. 2008)). Stated differently, exhaustion of administrative remedies is a "rule of judicial administration" that is akin to doctrines like 'abstention, finality, and ripeness . . . that govern the timing of federal court decision making.'" *Id.* (quoting *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (other citation omitted)). Since exhaustion of administrative remedies is a "threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, we conclude that judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id.* (citation and footnote omitted).

### SUMMARY JUDGMENT ANALYSIS

A.   Claims Barred under the Prison Litigation Reform Act's Physical Injury Requirement

Brownlee must demonstrate he suffered more than a *de minimis* injury to entitle him to compensatory damages under the Prison Litigation Reform Act ("PLRA"). The PLRA provides: "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). Further, an inmate may not seek compensatory damages "for violations of federal law where no physical injury is alleged." *Mayfield v. Texas Dep't of Criminal Justice*, 529 F.3d 599, 605 (5th Cir. 2008) (citation omitted).

With specific reference to claims arising from exposure to COVID-19, another court in this district has had held in a similar matter that the fear of catching COVID-19 is not enough to sustain a claim for damages:

> Blake makes clear that he fears "catching COVID-19." Dkt. No. 1 at 6. So, to the extent that he seeks monetary damages but lacks *physical injuries, see id.* at 4, that claim does not survive screening, *see, e.g., Bernard v. Tong*, 192 F.3d 126 [published in full-text format at 1999 U.S. App. LEXIS 39796], 1999 WL 683864, at *1 (5th Cir. Aug. 9, 1999) (per curiam) ("The Prison Litigation Reform Act ('PLRA') provides: 'No Federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury.' 42 U.S.C. § 1997e(e). Bernard's complaint alleges mental injuries, but fails to allege any physical

5

injuries. Thus his action is barred under the PLRA." (citations omitted)).

*Blake v. Tanner*, No. 3:20-CV-1250-G-BN, 2020 WL 3260091 at *4 (N.D. Tex. May 20, 2020), *rep. and rec. adopted*, 2020 WL 3259369 (N.D. Tex. Jun 16, 2020).

A review of Brownlee's medical records do not show that he ever: (1) contracted Covid-19; (2) was injured due to Defendants' alleged failure to protect; or (3) sustained any physical injury that was caused by Defendants allegedly (i) transferring COVID 19-positive inmates from TDCJ's Middleton Unit in November 2020 to the John R. Lindsey State Jail and housing them in the general population without following the requisite 14-day quarantine period; (ii) failing to enforce social distancing among the inmates; and (iii) failing to maintain proper levels of staffing. Medical Records, Exhibit A 9-498, ECF No. 65-1.

Because Brownlee has not alleged physical injury related to any of his remaining causes of action, Defendants are summarily entitled to summary judgment and all of Brownlee's remaining claims for compensatory damages should be dismissed with prejudice.

> B. Failure to Establish Facts to State a Claim for Relief Based Upon Allegations of His Conditions of his Confinement

Alternatively, even if Brownlee's claims for damages are not barred due to lack of physical injury, he has not come forward with evidence to show deliberate indifference against Defendants as a matter of law. "To state a section 1983 claim, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or the laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation omitted).

Brownlee asserts constitutional claims based upon deliberate indifference to his health and safety relating to the conditions of his confinement. "The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide humane conditions of confinement . . . ." *Palmer v. Johnson*, 193 F.3d 346, 351-52 (5th Cir. 1999). To state an Eighth Amendment claim based upon on prison conditions, plaintiff must show: an objective, and "sufficiently serious", deprivation; and an official or officials "act[ed] with deliberate indifference to inmate health and safety." *Coleman v. Sweetin*, 745 F.3d 756, 764 (5th Cir. 2014).

6

Furthermore, to be held liable for § 1983 deliberate indifference, a plaintiff must establish the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (U.S. 1994).

As noted above, this case at hand is similar to *Blake* case reviewed in the Dallas division of this court, and that case was dismissed for failure to state a claim upon which relief can be granted. *See Blake v. Tanner*, 2020 WL 3260091, at *2-4. In *Blake*, a pretrial detainee plaintiff alleged, in relevant part, the facility he was confined at refused to facilitate social distancing and refused to quarantine new inmates. *Id.* at *1. He further alleged he was "[fearful] of catching COVID-19 virus." *Id.* The court held, in part: (1) Blake's claims were somewhat conclusory which would be reason enough to deny them; (2) Blake did not allege facts from which the Court may infer that the detention facility's implementation of CDC or other guidance (or its failure to implement further measures) is "unreasonable in light of the COVID-19 pandemic; and (3) Blake had not alleged facts to show that the detention facility's policies as to social distancing were unreasonable. *Id.* at *2-4.

Here, Defendants have provided evidence to show that inmate transfers into the Lindsey State Jail were and are controlled by the TDCJ. February 18, 2022 Wallace Affidavit, Exhibit B 1-2, ECF No. 66-2. Defendants MTC and Warden Wallace did not have control over the transfer of the inmate, D. White, who Brownlee alleges tested positive for COVID-19 the day after his arrival at the Facility. *Id.* When MTC and Warden Wallace became aware that inmate White was tested at his last facility, prior to arriving at the Facility, and the results had returned a positive result, White was immediately placed in medical isolation for fourteen (14) days. *Id.*

Inmate White was transferred into the Lindsey State Jail on November 9, 2020, and housed in F1B dorm. *Id.* At that same time, Brownlee was housed in F2D dorm, a separate building from the dorm where inmate White was housed. *Id.* Thus, inmate White and Brownlee were not housed in the same dorm, much less the same building, during the complained of period of time. *Id.*

The TDCJ controls the social distancing policies at the Lindsey State Jail, in accordance with CDC guidelines. *Id.* Defendants have provided evidence that TDCJ's social distancing policies have been implemented and followed by defendants MTC

and Warden Wallace at the Lindsey State Jail to the extent possible during all relevant times. *Id.* Brownlee has pled conclusory claims as his complaints of Covid-19 exposure similar to those asserted in *Blake.* Further, Brownlee has not shown that Defendants' implementation of TDCJ, CDC, social distancing, or other guidelines were unreasonable. Thus Brownlee cannot establish any claim that defendants MTC and Wallace took actions against him with deliberate indifference to his health and safety.

In sum, Brownlee's claims as they relate to Covid-19 fail as a matter of law and Defendants are entitled to summary judgment for two reasons. Brownlee has not shown that he had any physical injury to be entitled to compensatory damages under the Prison Litigation Reform Act (including that Plaintiff cannot show that he ever contracted Covid-19). Alternatively, Brownlee has not shown that Defendants were deliberately indifferent to his health and safety related to the conditions of his confinement as is required to support a § 1983 claim. Therefore, Defendants MTC and Wallace are entitled to summary judgment against Plaintiff's remaining claims.

## CONCLUSION and ORDER

It is therefore **ORDERED** that motion for summary judgment of defendants Management and Training Corporation and Grady Wallace (ECF No. 66) is **GRANTED**, such that all plaintiff Aaron Brownlee's remaining claims are **DISMISSED WITH PREJUDICE.**

**SO ORDERED** on this **20th day** of **April, 2022**.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE